IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,

      Plaintiff,                    No. CIV S-08-2125 MCE DAD PS

    vs.

UPS STORE,                          FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

        Plaintiff, proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, plaintiff has filed an affidavit indicating that she is not currently employed but during the past 12 months received $1,307.00 in disability payments $3,548.00 from unspecified sources, and $75,000.00 from the military. She states that two persons are dependent on her for support but does not indicate her relationship to either person or the amount contributed for that person's support. The application fails to demonstrate that

1

1  plaintiff is indigent.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v.
2  Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).
3         Ordinarily, the undersigned would recommend that the plaintiff's in forma
4  pauperis application be denied and that plaintiff be granted an opportunity to pay the filing fee in
5  full should she wish to proceed with this case.  However, as in thirteen cases previously filed by
6  plaintiff in this court since February 10, 2006,[1] no basis for federal jurisdiction has been alleged
7  in plaintiff's complaint.  The pleading consists of a cover page, instructions and a sample format
8  for filing a civil complaint in federal court, and a state form complaint for a contract claim that
9  does not exceed $25,000.  In an attached declaration, plaintiff alleges as follows:

> I had a mail box at the UPS store 1349 Howe Ave, Sacramento,
> Ca. 95826, and they didn't give me all my mail, and delivered my
> Fed Ex package, somewhere else.  And they owe me for 2 months
> because I bought a box for 6 months, and closed my box in 4
> months.

13  (Compl. at page 5 of 6.)  The pleading contains no jurisdictional statement and no allegation that
14  states any cognizable federal claim.  The civil cover sheet attached to the pleading identifies the
15  basis of jurisdiction as "U.S. Government Plaintiff," despite the fact that Ms. Alfaro is the
16  plaintiff and the United States Government is not a party in this action.  (Compl. at page 6 of 6.)
17         It appears that this court lacks subject matter jurisdiction over this action.  See
18  Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for

---

[1] The following cases have been dismissed for lack of subject matter jurisdiction: Alfaro v. Social Security Administration, No. CIV S-06-0294 MCE DAD PS, closed February 20, 2007; Alfaro v. City of Sacramento, No. CIV S-06-1355 FCD GGH PS, closed September 6, 2006; Alfaro v. Alcohol and Drug Administration, No. CIV S-06-1370 GEB GGH PS, closed October 3, 2006; Alfaro v. Barnicoat, No. CIV S-06-1614 MCE DAD PS; Alfaro v. Miranda, No. CIV S-06-1687 LKK EFB PS, closed October 10, 2006; Alfaro v. Rameriz, No. CIV S-1689 DFL EFB PS, closed December 21, 2006; Alfaro v. Burney, No. CIV S-01783 DFL EFB PS, closed December 21, 2006; Alfaro v. Bank of America, No. CIV S-06-1808 DFL GGH PS, closed December 21, 2006; Alfaro v. US Bank, No. CIV S-06-1809 GEB EFB PS, closed December 5, 2006; Alfaro v. Alfaro, No. CIV S-06-2460 LKK GGH PS, closed January 26, 2007; Alfaro v. Citi Bank, No. CIV S-07-0363 GEB DAD PS, closed May 25, 2007; Alfaro v. TKA Properties, No. CIV S-07-2115 FCD DAD PS, closed Dec. 5, 2007; Alfaro v. Vagabond Inn, No. CIV S-07-2440 MCE DAD PS, closed Dec. 14, 2007.

want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Based on plaintiff's history of filing obviously frivolous actions, failing to pay the filing fee when required to do so, and failing to file an amended pleading when directed to do so,[2] the undersigned finds that it would be futile to grant plaintiff leave to amend even if she were to pay the filing fee. Plaintiff's in forma pauperis application should be denied and this action should be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

/////

/////

/////

---

[2] Plaintiff Mika Alfaro has filed twenty-four cases in this court since February 10, 2006. In addition to the thirteen cases dismissed for lack of subject matter jurisdiction, eight cases were closed for other reasons: Alfaro v. YWCA, No. CIV S-06-2437 LKK KJM PS, dismissed for failure to amend; Alfaro v. Motel 6, No. CIV S-06-2438 GEB DAD PS, dismissed for failure to file in forma pauperis application; Alfaro v. United States of America, No. CIV S-06-2459 MCE DAD PS, dismissed for failure to file in forma pauperis application; Alfaro v. Sacramento Police Department, No. CIV S-06-2855 MCE EFB PS, dismissed for failure to pay filing fee; Alfaro v. Mark McMaster's CPA, No. CIV S-07-1389 GEB DAD PS, dismissed at plaintiff's request; Alfaro v. Rio City Café, No. CIV S-07-2225 GEB EFB PS, dismissed for failure to file in forma pauperis application and failure to amend; Alfaro v. Denny's, CIV S-07-2441 LKK KJM PS, dismissed for failure to file in forma pauperis application or pay filing fee; Alfaro v. Wells, No. CIV S-08-0410 GEB EFB PS, dismissed for failure to file in forma pauperis application or pay filing fee. Two recently filed cases are open: Alfaro v. Clark, No. CIV S-08-1973 MCE KJM PS, filed August 22, 2008 (complaint dismissed with leave to amend); Alfaro v. Montelongo, No. CIV S-08-1973 FCD EFB PS, filed August 25, 2008 (to be screened).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 10, 2008 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\alfaro2125f&r.ifpjur

4